**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                      No. 98-4585

DARYL ANDRE FULLER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Spartanburg.
Henry M. Herlong, Jr., District Judge.
(CR-98-76)

Argued: January 28, 2000

Decided: March 17, 2000

Before WIDENER, WILLIAMS, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion. Judge Motz concurred
in the judgment.

_____

**COUNSEL**

**ARGUED:** Parks Nolan Small, Federal Public Defender, Columbia,
South Carolina, for Appellant. Arthur Bradley Parham, Assistant
United States Attorney, Greenville, South Carolina, for Appellee. **ON
BRIEF:** J. Rene Josey, United States Attorney, Greenville, South
Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Daryl Fuller appeals his conviction and sentence, following a guilty plea, of possession with intent to distribute crack cocaine within one thousand feet of a housing facility owned by a public housing authority, in violation of 21 U.S.C.A. § 860(a) (West 1999). He argues that no evidence was presented that he had the intent to distribute, and that the district court therefore abused its discretion by failing to establish a factual basis for his guilty plea and then refusing to grant his motion to withdraw his plea. In regard to his sentence, he argues that the district court abused its discretion, both in deciding to depart upward and in the extent of the departure it made. Because we find that the district court did establish a factual basis for the guilty plea, that Fuller did not present a fair and just reason for withdrawing his plea, and that the district court did not abuse its discretion in either its decision to make an upward departure or the extent of the departure, we affirm Fuller's conviction and sentence.

I.

On January 27, 1998,[1] Daryl Fuller was indicted for possession with intent to distribute crack cocaine within one thousand feet of a housing facility owned by a public housing authority.[2] On February 27, he pleaded guilty to the charge at a Rule 11 guilty-plea hearing conducted by the district court. At the hearing, the district court accurately informed Fuller of the elements of the offense with which he was charged, including the element of intent to distribute. The court asked Fuller if he understood the elements of the offense; Fuller replied that he did.

_____

[1] Unless otherwise indicated, all dates are in 1998.
[2] The indictment also charged Fuller with a count of possession of marijuana in violation of 21 U.S.C.A. § 844(a) (West 1999). This count was dismissed as part of his plea agreement.

2

At the district court's request, the Government provided the following factual summary of the evidence surrounding the charged offense:

> On July the 8th, 1997, officers observed Mr. Fuller to be doing what apparently was rolling a marijuana cigarette. He also had a plastic baggy which he threw from the car. The officers stopped Mr. Fuller, searched him and found approximately one point zero grams of crack on him in Spartanburg, Your Honor.

(J.A. at 62.)[3] The court asked Fuller if he agreed with the summary, and Fuller said that he did.

The court then specifically asked Fuller if he "knowingly, intentionally and unlawfully possess[ed] with intent to distribute crack cocaine within one thousand feet of a public housing authority." (J.A. at 62.) After a brief pause in the proceedings during which Fuller apparently asked his attorney a question, Fuller's attorney explained that his client had asked him for some "clarification as to how much a thousand feet was." (J.A. at 62.) The court then engaged Fuller in the following colloquy:

> THE COURT: Let me ask you again. Did you, Mr. Fuller, on or about July 8, 1997, in the District of South Carolina, knowingly, intentionally and unlawfully possess with intent to distribute a quantity of crack cocaine within one thousand feet of a public housing authority?
>
> DEFENDANT FULLER: Yes, Your Honor.
>
> THE COURT: And are you guilty of count one of the indictment?
>
> DEFENDANT FULLER: Yes, Your Honor.

_____

[3] According to Fuller's presentence report (PSR), the exact amount of crack found on Fuller was .55 grams, and it was that amount the PSR used to calculate his offense level. In any event, the exact amount of crack found on Fuller is irrelevant to the issues Fuller raises on appeal.

(J.A. at 62-63.) The district court then allowed Fuller to sign his guilty plea.

On July 29, the district court conducted Fuller's sentencing hearing. At that hearing, Fuller expressed dissatisfaction with his plea, stating that he should have only been charged with simple possession, not possession with intent to distribute. He claimed that he thought that he had pleaded only to a simple possession charge. He then asked that he be allowed to plead to simple possession. The district court treated this request as a motion to withdraw the guilty plea and denied the motion on the grounds that, at the time of the plea during the Rule 11 hearing, the court thoroughly reviewed with Fuller the elements of the offense and informed him of the factual basis for his plea, Fuller evidenced an understanding of both the elements of the offense and the factual basis for the plea, and Fuller "freely, understandingly and knowingly entered" the plea. (J.A. at 71.)

The court then proceeded to the issue of sentencing. Fuller's pre-sentence report (PSR), to which Fuller expressed no objections after telling the court that he had thoroughly reviewed it with his attorney, recommended a total offense level of 15, and a total criminal history category of VI, for a guideline sentencing range of forty-one to fifty-one months. Over two weeks prior to the sentencing hearing, the Government made a motion for upward departure from the range suggested by the PSR. During its argument in support of its motion for upward departure, the Government noted that Fuller had nineteen convictions resulting in sixty-six criminal history points. The district court decided that upward departure would be appropriate in this case, noting that Fuller's "sixty-six points just do not at all adequately reflect the seriousness of his past criminal conduct," (J.A. at 77), and that Fuller was a recidivist who, based upon his past history, was likely to commit more crimes as soon as he was released from prison. The district court departed upward to an offense level of 30 within Criminal History Category VI for a resulting guideline sentencing range of 168-210 months. The court then sentenced Fuller to a term of two hundred months imprisonment.

II.

We first address Fuller's argument that the district court failed to establish a factual basis for his guilty plea as required by Rule 11(f)

4

of the Federal Rules of Criminal Procedure. Specifically, Fuller contends that the district court did not find a sufficient factual basis for the element of intent to distribute.

Rule 11(f) states: "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." This Court has explained exactly what a district court must do in order to comply with Rule 11(f):

> In order to comply with Rule 11(f), a district court need not replicate the trial that the parties sought to avoid. Rather, it need only be subjectively satisfied that there is a sufficient factual basis for a conclusion that the defendant committed all of the elements of the offense. The district court possesses wide discretion in determining whether a sufficient factual basis exists, and its acceptance of a guilty plea will be reversed only for an abuse of that discretion. And, if the evidence presented is sufficient to demonstrate that the defendant committed the elements of the charged offense, acceptance of the plea clearly does not constitute an abuse of discretion.

United States v. Mitchell, 104 F.3d 649, 652 (4th Cir. 1997) (internal citations omitted). Moreover, a district court may find the factual basis for the plea "from anything that appears on the record." See United States v. DeFusco, 949 F.2d 114, 120 (4th Cir. 1991).

Fuller focuses on the statement of facts that the Government presented at his Rule 11 hearing, noting that nothing in that statement refers to the element of intent to distribute. As the Government conceded at oral argument, this assessment of the statement is certainly correct. The district court, however, had more than that statement on which to rely in establishing a factual basis for the plea. As noted above, Fuller admitted, in open court, that he intended to distribute the crack cocaine that he possessed. The district court asked him if he "knowingly, intentionally and unlawfully possess[ed] with intent to distribute a quantity of crack cocaine within one thousand feet of a public housing authority." (J.A. at 62-63.) After conferring with his attorney on the question of "how much a thousand feet was," (J.A. at

5

62), the court repeated the question, and Fuller answered "yes," (J.A. at 63). This admission of intent to distribute, made in open court and in direct response to the district court's twice-asked question of whether he possessed such intent, constitutes a sufficient factual basis for the element of intent to distribute.

This is certainly not the first time that we have held that a defendant's admission to the elements of an offense can constitute a sufficient factual basis for his guilty plea. In DeFusco, the defendant argued that there was no factual basis for his plea to the charge of concealing his assets in bankruptcy because he never admitted to possessing the "requisite knowledge for concealing his assets in bankruptcy." DeFusco, 949 F.2d at 120. In rejecting DeFusco's argument, we noted that he had signed a statement of facts setting forth his "admission that he did `knowingly, intentionally and fraudulently conceal assets from the Trustee of the Bankruptcy Court.'" Id. This admission of the element of knowledge in a signed statement satisfied us that the district court had established a factual basis for the guilty plea. See id. We see no reason to distinguish between an admission of the element of an offense in a signed statement and the admission of an element in open court in response to a judge's question. We hold, therefore, that the district court did not abuse its discretion in determining that there was a sufficient factual basis for Fuller's guilty plea.

III.

Fuller's second argument is that the district court erred when it denied his motion, made under Rule 32(e) of the Federal Rules of Criminal Procedure, to withdraw his guilty plea. We review the district court's refusal to allow Fuller to withdraw his plea for abuse of discretion. See United States v. Wilson, 81 F.3d 1300, 1305 (4th Cir. 1996). A defendant who wishes to withdraw his guilty plea must demonstrate a "fair and just reason" for doing so. See United States v. Sparks, 67 F.3d 1145, 1150 (4th Cir. 1995) (quoting Rule 32(e)). This "fair and just reason" must "challenge[ ] either the fairness of the Rule 11 proceeding wherein the defendant tendered, and the court accepted, the plea or the fulfillment of a promise or condition emanating from the proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992). Finally, and most importantly, we have stated that "the fairness of the Rule 11 proceeding is the key factor in the

6

review of the denial of a motion to withdraw a guilty plea, and that an appropriately conducted Rule 11 proceeding raises a strong presumption that the plea is final and binding." Wilson, 81 F.3d at 1306. Because we have just rejected Fuller's only challenge to the fairness of the Rule 11 proceeding, we start with the presumption that his plea was final and binding. Fuller builds his assertion that his plea was not voluntary on the ground that the district court failed to establish a factual basis for his plea. In light of our conclusion that a factual basis did exist for the plea, this assertion must fail, and we agree with the district court's statement that the transcript of the Rule 11 hearing indicates that the plea was "freely, understandingly and knowingly entered." (J.A. at 71.) Fuller's assertions that he should have been charged with simple possession, a claim undercut by our determination that a factual basis existed for the plea, and that he thought he had pleaded only to simple possession, a claim properly rejected by the district court based upon its review of the transcript of the Rule 11 hearing, fail to satisfy his burden. The district court, therefore, did not abuse its discretion in determining that Fuller failed to overcome the presumption created by a fairly conducted Rule 11 hearing and to meet his burden of demonstrating a "fair and just reason" for withdrawing his plea.**4**

_____

**4** In United States v. Moore , 931 F.2d 245 (4th Cir. 1991), this Court devised a six-factor analysis for district courts to use in weighing their decision to grant or deny a defendant's request to withdraw a guilty plea:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. at 248. While the district court only expressly considered the first Moore factor on the record, probably because Fuller's counsel failed to make any arguments on the others, it is clear that Fuller did not meet his burden of showing a fair and just reason for withdrawing his plea. Moreover, we have warned against viewing these factors as setting forth "a rigidly mechanistic test, for the conspicuous fuzziness of Rule 32[(e)]'s operative terms -- `fair and just' -- precludes such an endeavor." United

7

IV.

Fuller's final argument is that the district court abused its discretion, both in deciding to depart upward from Criminal History Category VI under § 4A1.3 of the United States Sentencing Guidelines

_____

States v. Sparks, 67 F.3d 1145, 1154 (4th Cir. 1995) (referring to the text of Rule 32(d), which is now found in subsection (e)). "Rather, Moore articulated six considerations that should inform a district court's inescapably impressionistic judgment as to whether a defendant's reasons for moving to withdraw her guilty plea are sufficient to satisfy the language and purpose of Rule 32." Id.

In any event, it is readily apparent that the remaining Moore factors plainly cut against Fuller. It does not appear that Fuller made a credible assertion of legal innocence after he made his motion to withdraw the plea. Fuller's attorney said that Fuller should have been charged with simple possession as opposed to possession with intent to distribute. Then Fuller explained why he wanted to withdraw his plea: "I want to plead guilty to simple possession because that's what I thought I was pleading guilty to." (J.A. at 70-71.) Not only does this statement conflict with his earlier statements at the Rule 11 hearing, but it also does not come close to being an assertion -- credible or not -- of legal innocence. Also, there was certainly a lengthy delay here between the entry of the plea and the entry of the motion to withdraw it. The plea was entered on February 27, and the sentencing hearing at which Fuller's motion to withdraw the plea was both made and denied took place on July 29. Fuller makes no attempt to account for this delay, other than to note that at his guilty-plea hearing, the district court made a general statement to the crowd of attorneys in the courtroom waiting to enter pleas for their clients that there had been a problem with defense attorneys and the quality and timeliness of their representation. This general statement, which was not directed at any one attorney, has absolutely no relevance to the filing of a motion that occurred after the hearing. Fuller also offers no argument as to how his counsel was ineffective at the Rule 11 hearing. Indeed, at that hearing, Fuller expressly stated that he was satisfied with the representation provided by his attorney. See United States v. Craig, 985 F.2d 175, 179 (4th Cir. 1993) (stating that, when a defendant at a Rule 11 hearing indicates that he is satisfied with the services of his attorney, and the district court has found that the entry of the plea was knowing and voluntary, a "formidable barrier" is raised to our finding of an abuse of discretion in a district court's refusal to allow a defendant to

8

and in making what he calls an unreasonably high upward departure. Finding no reversible error, we affirm Fuller's sentence.

We review a district court's decision to depart from the Sentencing Guidelines for abuse of discretion. See Koon v. United States, 518 U.S. 81, 100 (1996). A district court may depart from a guideline range if it identifies a factor that is an encouraged basis for departure and is not taken into account by the applicable guideline. See United States v. Brock, 108 F.3d 31, 34 (4th Cir. 1997). Under U.S.S.G. § 4A1.3, an inadequate criminal history category is an encouraged ground for upward departure.[5] See U.S.S.G. § 4A1.3 (1998). This provision allows a district court to depart from the otherwise applicable guideline range when the defendant's criminal history category under-represents his past criminal conduct and the likelihood that he will commit future crimes. See id. We review a challenge to the extent of a district court's departure also for abuse of discretion. See United States v. Bailey, 112 F.3d 758, 771 (4th Cir. 1997).

"Where a district court chooses to depart pursuant to section 4A1.3, it must . . . provide a short clear written statement or a reasoned statement from the bench to support its departure." United States v. Rusher, 966 F.2d 868, 882 (4th Cir. 1992) (internal quotation marks omitted). "[T]he court may determine the extent of a departure by extrapolating from the existing sentencing table." United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992). In the course of conducting this extrapolation, "[a]dditional Criminal History Categories above Category VI may be formulated in order to craft a departure that corresponds to the existing structure of the guidelines." Id. We have

_____

withdraw his guilty plea). Because the first four Moore factors do not aid Fuller, the final two can be of no help. See Sparks, 67 F.3d at 1154 (stating that, by themselves, very slight prejudice and inconvenience to the Government cannot constitute a fair and just reason to grant a motion to withdraw a guilty plea).

5 Quite obviously, an inadequate criminal history category is not taken into account by U.S.S.G. § 2D1.2 (Drug Offenses Occurring Near Protected Locations or Involving Underage or Pregnant Individuals; Attempt or Conspiracy), the guideline used to calculate Fuller's pre-departure offense level.

stated that, as a practical matter, upward departure from Category VI can be achieved by "moving vertically to successively higher offense levels in Category VI." Id. at 561 n.6."In determining the extent of a departure based on inadequacy of criminal history above Criminal History Category VI, the court should move to successively higher categories only upon finding that the prior category does not provide a sentence that adequately reflects the seriousness of the defendant's criminal conduct." Id. at 561.**6**

Fuller first attacks the district court's decision to make an upward departure, contending that a departure should not have been made under § 4A1.3 on the ground that most of his past crimes involved "minor," nonviolent conduct. We cannot say that the district court's decision to depart was an abuse of discretion. That decision was based not only upon Fuller's extraordinary number of criminal history points -- sixty-six -- but also upon the district court's lengthy review of Fuller's criminal history and pattern of recidivism, which culmi-nated in the district court's well-supported finding that "Fuller has repeatedly committed new offenses after being released or with[in] the expiration of an imposed custody sentence." (J.A. at 77.) A char-acterization of Fuller's past criminal conduct as involving mostly "minor" offenses is certainly a dubious one, given that some of his convictions were for the crimes of first-degree burglary, grand lar-ceny, forgery, store-breaking, malicious injury to real property, and resisting arrest. Moreover, we note that § 4A1.3 does not state or sug-gest that prior criminal conduct has to be violent in order for a depar-ture to be made under that section. Indeed, § 4A1.3 specifically lists

_____

**6** In United States v. Rusher , 966 F.2d 868 (4th Cir. 1992), this Court first instructed district courts that, in departing upward for inadequacy of criminal history, they should depart "first to the next higher category and . . . move on to a still higher category only upon a finding that the next higher category fails adequately to reflect the seriousness of the defen-dant's record." Id. at 884. Although we later acknowledged that this instruction was dicta, we stated that "we believe that it identifies the proper approach to be taken." United States v. Cash, 983 F.2d 558, 561 n.7 (4th Cir. 1992). We have continued to prescribe this approach in sub-sequent opinions. See, e.g., United States v. Lawrence, 161 F.3d 250, 256 (4th Cir. 1998), cert. denied, 119 S. Ct. 1279 (1999); United States v. Harrison, 58 F.3d 115, 118 (4th Cir. 1995).

10

large-scale fraud, a nonviolent offense, as potentially supporting a departure above Criminal History Category VI. See U.S.S.G. § 4A1.3. In any event, because the district court seems to have focused primarily upon the fact that Fuller's criminal history did not adequately reflect the likelihood that Fuller would commit other crimes, any assertion by Fuller that his past crimes were "minor" and nonviolent is beside the point.[7]

Fuller also challenges the extent of the district court's departure, contending that the departure was too severe because the district court failed to consider whether each successively higher category above Criminal History Category VI was inadequate to reflect the seriousness of his prior criminal conduct or the likelihood that he would commit other crimes. We note that, in arriving at Fuller's post-departure offense level of 30, the district court employed a mathematical formula to aid its extrapolation calculations. Apparently, the district court took Fuller's total number of criminal history points (66), subtracted the minimum number of points contained in Category VI (13), and then divided the difference (53) by three [8] in order to create seventeen more Criminal History categories -- categories that it added to the original guideline range by moving vertically down the table from offense level 15 (Fuller's PSR's recommended offense level). Instead of moving to an offense level of 32, however, the district court decided to stop at an offense level of 30. This decision indicates that, while the district court used a formula to aid it in its

_____

[7] We note that the district court was clearly concerned about the nature of Fuller's prior criminal conduct, most of which, according to the district court, involved "continuously depriv[ing] individuals and the public of their right to possess property." (J.A. at 80.) Therefore, contrary to Fuller's assertion to the contrary, the district court did not disobey § 4A1.3's admonition that, "[i]n determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." See U.S.S.G. § 4A1.3.

[8] It appears that the district court divided by three because three points is the range found in the three criminal history categories that precede Criminal History Category VI. See U.S.S.G.§ 5A (1998). Criminal History Category VI states that it is for defendants with "13 or more" points. See id.

11

attempt to structure a suitable upward departure, it did not neglect the task of considering the inadequacy of each offense level between 15 and 30. Indeed, the district court specifically stated that an offense level of 16 would be inadequate. It then stated that an offense level of 17 would be inadequate. It then stated that the remaining offense levels would be inadequate as well. These statements satisfy us that, in accordance with <u>Cash</u>, the district court considered each successive offense level and found it to be inadequate before moving to the next one.**9** The district court, therefore, did not abuse its discretion in the extent of its upward departure.

V.

For the foregoing reasons, we affirm Fuller's conviction and sentence.

<u>AFFIRMED</u>

_____

**9** Fuller also asserts that the district court's employment of a mathematical formula, in which he claims that all of his criminal history points were treated equally, is further evidence that the district court ignored § 4A1.3's admonition that, "[i]n determining whether an upward departure from Criminal History Category VI is warranted, the court should consider that the nature of the prior offenses rather than simply their number is often more indicative of the seriousness of the defendant's criminal record." As noted above, if the district court had truly employed a purely mechanical approach in which all of Fuller's criminal history points were treated equally, Fuller's post-departure offense level would have been 32 rather than 30. This fact indicates that the district court was doing more than simply considering the number of criminal history points or offenses.